**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Matline Williams, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>Security Credit Services, LLC, a )<br>Mississippi limited liability company, )<br>Leading Edge Recovery Solutions, LLC, )<br>an Illinois limited liability company, and )<br>FMS, Inc., an Oklahoma corporation, )<br>)<br>    Defendants. ) | No.   11 C 763<br><br><br><br><br><br><br><br><br><br><u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Matline Williams, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) most of the acts and transactions occurred here; b) all Defendants reside and transact business here; and, c) one Defendant is headquartered here.

**PARTIES**

3.    Plaintiff, Matline Williams ("Williams"), is a citizen of the State of Connecticut, from whom Defendants attempted to collect a delinquent consumer debt owed to JC Penney/GE Capital for a credit card account, despite the fact that she was

represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, Security Credit Services, LLC ("Security"), is a Mississippi limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Security operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5.     Defendant Security is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors, like Defendants Leading Edge Recovery Solutions and FMS.

6.     Defendant, Leading Edge Recovery Solutions, LLC ("LERS"), is an Illinois limited liability company, headquartered in Chicago, Illinois, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  LERS collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

7.     Defendant, FMS, Inc. ("FMS"), is an Oklahoma corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  FMS collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

8. All of the Defendants are licensed to conduct business in Illinois and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, all Defendants conduct business in Illinois.

9. Moreover, all of the Defendants are licensed as collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, all Defendants act as debt collectors in Illinois.

## FACTUAL ALLEGATIONS

10. Ms. Williams is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a consumer debt she owed for a JC Penney/GE Capital credit card. At some point in time after that debt became delinquent, it was bought by Defendant Security, and when Security began trying to collect this debt from Ms. Williams, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

11. Specifically, Defendant Security hired another debt collector, Asset Management Professionals, LLC ("Asset"), to demand payment of the JC Penney/Security debt from Ms. Williams. Accordingly, on September 30, 2009, one of Ms. Williams' attorneys at LASPD informed Defendant Security, through its agent, Asset, that Ms. Williams was represented by counsel, and directed Security to cease contacting her, and to cease all further collection activities because Ms. Williams was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

12. Undeterred, Defendant Security then had Defendant LERS send Ms. Williams a collection letter, dated March 5, 2010, which demanded payment of the JC

Penney/Security debt. A copy of this collection letter is attached as Exhibit D. Moreover, debt collectors from Defendant LERS repeatedly called Ms. Williams on behalf of Security in an attempt to collect this debt.

13. Accordingly, on April 3, 2010, Ms. Williams' LASPD attorney sent Defendants LERS and Security a letter, again directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

14. Incredibly, Defendant Security then had Defendant FMS send Ms. Williams a collection letter, dated November 22, 2010, which demanded payment of the GE Capital/Security debt. A copy of this collection letter is attached as Exhibit F.

15. Accordingly, on January 26, 2011, Ms. Williams' LASPD attorney sent Defendants FMS and Security a letter, again directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit G.

16. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

17. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And To Cease Collections

18. Plaintiff adopts and realleges ¶¶ 1-17.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from

4

communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

20. Here, the letters from Ms. Williams' agent, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

21. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

22. Plaintiff adopts and realleges ¶¶ 1-17.

23. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

24. Defendants knew, or readily could have known, that Ms. Williams was represented by counsel in connection with her debts because her attorneys at LASPD had repeatedly informed Defendant Security, in writing, through its agents, that Ms. Williams was represented by counsel, and had directed a cessation of communications with Ms. Williams. By directly sending Ms. Williams collection letters and calling her, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

25. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Matline Williams, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Williams, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Matline Williams, demands trial by jury.

Matline Williams,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: February 3, 2011

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com